UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN M. REITZ,

    Plaintiff,

v.

FRED MEYER STORE AND OWNERS,

    Defendant.

CASE NO. C13-5439 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, AND DENYING MOTION TO APPOINT COUNSEL

This matter comes before the Court on Plaintiff Robin Reitz's ("Reitz") motion to proceed in forma pauperis (Dkt. 1), proposed complaint, and motion to appoint attorney (Dkt. 2).

On June 6, 2013, Reitz filed the instant motions and proposed complaint alleging that two deli workers at one of Defendant's stores allowed an unknown person to steal Reitz's personal laptop. Dkt. 1-1 at 1–2. Based on these allegations, Reitz asserts a claim under the American with Disabilities Act ("ADA") and two tort claims for personal injury and injury to property. Dkt. 1-3. On June 10, 2013, Reitz filed an incomprehensible amendment to the proposed complaint. Dkt. 4.

ORDER - 1

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this case, Reitz has failed to meet his burden to proceed *in forma pauperis* with the proposed complaint because Reitz's proposed complaint is frivolous. First, there is no arguable basis in law or fact for a claim under the ADA based on the factual allegations of computer theft while shopping at Defendant's store. Second, there is no arguable basis in law for the proposition that Defendant's employees owed Reitz a duty to protect his personal property while shopping at Defendant's store. Finally, the Court

does not have jurisdiction to hear this matter because there is no federal question and there is no arguable basis that the amount in controversy will exceed the jurisdictional limit despite Reitz claiming that he seeks four million dollars as compensatory and punitive damages.

Therefore, the Court **DENIES** Reitz's motion to proceed *in forma pauperis*, **DISMISSES** Reitz's complaint *sua sponte*, and **DENIES** Reitz's motion to appoint counsel. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge